■ In the Matter of HOWARD RANDOLPH, Appellant, v NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Judgment, Supreme Court, New York County, entered August 5, 1976, denying petitioner's application and dismissing his petition in this article 78 proceeding for a judgment to set aside a determination of respondents Department of Social Services and Human Resources Administration of the City of New York terminating his employment as a caseworker, unanimously reversed, on the law, without costs and without disbursements, and vacated, the petition reinstated and the matter remanded to Special Term for a hearing to determine the tripartite issue hereinbelow delineated. Appeal from order entered July 29, 1976 unanimously dismissed, without costs and without disbursements as academic. In this appeal petitioner challenged his termination as a caseworker by said respondents. He contended such termination was in disregard of the rights of seniority he achieved under Civil Service Law. He argued that his reinstatement occurred no later than July 2, 1974, within one year after his resignation on July 2, 1973. Respondents claimed that petitioner was not entitled to seniority, inasmuch as his reinstatement occurred July 8, 1974, more than one year after his resignation. Subdivision 2 of section 80 of the Civil Service Law provides that "An employee who has resigned and who has been reinstated * * * in the service within one year thereafter shall * * * be deemed to have continuous service". In order to reinstate petitioner before the certificate of approval would expire, respondents' memorandum of June 21, 1974 directed that petitioner "must be reinstated on Monday, July 1, 1974." In fact, reinstatement procedures were concluded on July 2, 1974, the last day the certificate remained in force. Respondents, however, made petitioner's reinstatement effective July 8, 1974. The record does not reflect whether respondents were aware prior to July 8, 1974 that petitioner's credit for continuous service would be affected by delay in reinstatement, nor does it reveal the reason for such delay, if any occurred. Petitioner claims any delay in reinstatement was not due to his fault. The issue to be resolved is tripartite: (1) Whether respondents New York City Department of Social Services and New York City Human Resources Administration during any time between June 21, 1974 and July 8, 1974 delayed reinstatement of petitioner; (2) If said respondents did delay, was the delay arbitrary or unreasonable, that is, due to their negligence or disregard of the possible impact upon petitioner's rights under subdivision 2 of section 80 of the Civil Service Law, to continuous service credit (Matter of Franchina v Codd, 57 AD2d 394) and (3) If such delay had not occurred, would respondents have been able to reinstate petitioner effective on or before July 2, 1974. Although the burden of establishing arbitrary or unreasonable delay rests upon petitioner, nevertheless, we find on this record that petitioner has shown sufficient basis to require respondents to come forward with a factual explanation for their conduct during the period in question. On a recent occasion we refused to equate administrative convenience or departmental "red tape" with a valid excuse for delay (Matter of Franchina, supra). The court finds that the other contentions of respondents raised in this proceeding are without merit. Accordingly, the matter is remanded to Special Term for hearing to determine the issue as hereinabove delineated. Concur—Lupiano, J. P., Birns, Silverman and Markewich, JJ.